United States District Court
Southern District of Texas
**ENTERED**
February 17, 2017
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| LEE G. BURGESS, TDCJ #468244, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. H-16-3740 |
| § | |
| BRAD LIVINGSTON, et al., § | |
| § | |
| Defendants. § | |

## MEMORANDUM OPINION AND ORDER

State inmate Lee G. Burgess (TDCJ #468244) is presently incarcerated by the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ"). Burgess has filed a Prisoner Civil Rights Complaint under 42 U.S.C. § 1983 ("Complaint") (Docket Entry No. 1) challenging an adverse determination by parole officials about the duration of his confinement. Because Burgess is incarcerated, the court is required to scrutinize the claims and dismiss the Complaint in whole or in part if it determines that the Complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). After reviewing all of the pleadings, the court concludes that this case must be dismissed for the reasons explained below.

I.  **Background**

Burgess is currently serving a 35-year prison sentence as the result of two convictions for aggravated robbery with a deadly weapon that were entered against him in Brazoria County on November 23, 1987.[1] Sometime after these convictions were entered, Burgess was granted early release from prison on the form of parole known as "mandatory supervision."[2] Burgess returned to prison on December 11, 2003, after he violated the terms of his supervised release.[3]

Burgess now sues former TDCJ Executive Director Brad Livingston, former TDCJ Director William Stephens, and two "John and/or Jane Doe" defendants employed by TDCJ in the "time section."[4] Burgess alleges that he was entitled to early release on mandatory supervision in October of 2014, but that "the defendants" incorrectly determined his eligibility for early release and continued to detain him in prison for an additional ten months until August 24, 2015.[5] Burgess, who has since returned to prison, seeks declaratory relief and damages for ten months of

---

[1] Offender Information Detail, Texas Department of Criminal Justice, available at http://offender.tdcj.texas.gov (last visited February 10, 2017).

[2] Complaint, Docket Entry No. 1, p. 4.

[3] Id.

[4] Id. at 3.

[5] Id. at 4.

"false imprisonment" in violation of the United States Constitution.[6] The court concludes, however, that the Complaint must be dismissed for reasons discussed below.

## II. Discussion

Burgess calls into question the correctness of the determination of his eligibility for early release on mandatory supervision in October of 2014. It is well established that a civil rights plaintiff may not recover damages based on allegations of "unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," without first proving that the challenged conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus [under] 28 U.S.C. § 2254." Heck v. Humphrey, 114 S. Ct. 2364, 2372 (1994). A claim for damages that bears a relationship to a conviction or sentence that has not been so invalidated is not cognizable under 42 U.S.C. § 1983. Id.

Claims for declaratory or injunctive relief are similarly not cognizable in a § 1983 action until the relevant conviction or sentence has been reversed, expunged, or otherwise declared invalid

---

[6]Id. at 4-5.

if a favorable judgment would "'necessarily imply'" the invalidity of the prisoner's confinement. Clarke v. Stalder, 154 F.3d 186, 189 (5th Cir. 1998). In other words, "a state prisoner's § 1983 action is barred (absent prior invalidation) — no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) — if success in that action would necessarily demonstrate the invalidity of confinement or its duration." Wilkinson v. Dotson, 125 S. Ct. 1242, 1248 (2005) (emphasis in original).

Burgess does not allege or show that he ever challenged the determination of his eligibility for supervised release or the calculation of his sentence in a state or federal habeas corpus proceeding, and there is no record of him having done so. Because Burgess does not demonstrate that the determination regarding his eligibility for early release was ever invalidated, the rule in Heck bars his Complaint. See McGrew v. Texas Bd. of Pardons & Paroles, 47 F.3d 158, 160 (5th Cir. 1995) (explaining that Heck is implicated by parole proceedings that call into question the fact and duration of confinement); Mendenhall v. Valdez, 376 F. App'x 372, 373 (5th Cir. 2010) (holding that Heck precludes a suit for damages under § 1983 unless a prisoner can show that the determination regarding his eligibility for mandatory supervision has been invalidated). For this reason, Burgess's civil rights

claims are not cognizable under 42 U.S.C. § 1983, and his Complaint must be dismissed with prejudice. See Johnson v. McElveen, 101 F.3d 423, 424 (5th Cir. 1996) (explaining that claims barred by Heck are "dismissed with prejudice to their being asserted again until the Heck conditions are met").

### III. Conclusion

Based on the foregoing, the court **ORDERS** that the Complaint filed by Lee G. Burgess (TDCJ #468244) is **DISMISSED with prejudice** as legally frivolous. The dismissal will count as a "strike" for purposes of 28 U.S.C. § 1915(g).

The Clerk is directed to provide a copy of this Memorandum Opinion and Order to the plaintiff. **The Clerk will also provide a copy by regular mail, facsimile transmission, or e-mail to: (1) the TDCJ - Office of the General Counsel, P.O. Box 13084, Austin, Texas 78711, Fax Number 512-936-2159; and (2) the Manager of the Three-Strikes List for the Southern District of Texas.**

**SIGNED** at Houston, Texas, on this 17th day of February, 2017.

SIM LAKE
UNITED STATES DISTRICT JUDGE